**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury 26-1 Sworn in on April 30, 2026**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JUAN JOSE FARIAS MENDOZA, also known as "Juanjo,"**<br><br>**and**<br><br>**ISRAEL VEGA FARIAS, also known as "Papo,"**<br><br>**Defendants.** | **CRIMINAL NO. _____**<br><br>21 U.S.C. §§ 959(a), 960(a)(3), 960(b)(1)(H), and 963<br>(Conspiracy to Manufacture and Distribute 500 Grams or More of Methamphetamine for Unlawful Importation into the United States)<br><br>18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii);<br>(Use, Carry, and Possession of a Firearm, Including a Machine Gun and a Destructive Device)<br><br>18 U.S.C. § 2339B<br>(Provision of Material Support to a Foreign Terrorist Organization)<br><br>18 U.S.C. § 2<br>(Aiding and Abetting)<br><br>21 U.S.C. §§ 853 and 970<br>18 U.S.C. §§ 981 and 982<br>28 U.S.C. § 2461(c)<br>(Criminal Forfeiture) |

**<u>INDICTMENT</u>**

The Grand Jury charges that:

1.     On February 20, 2025, the United States Secretary of State designated Carteles Unidos, also known as United Cartels, Tepalcatepec Cartel, Cartel de Tepalcatepec, The Grandfather Cartel, Cartel del Abuelo, and Cartel de Los Reyes, as a foreign terrorist organization

pursuant to Section 219 of the Immigration and Nationality Act, as amended (Title 8, United States Code, Section 1189).

2.      The current leader of Carteles Unidos is Juan Jose Farias Alvarez, also known as "Abuelo."

3.      Defendant **JUAN JOSE FARIAS MENDOZA, also known as "Juanjo,"** is the son of Juan Jose Farias Alvarez.

4.      Defendant **ISRAEL VEGA FARIAS, also known as "Papo,"** is the nephew of Juan Jose Farias Alvarez.

## COUNT ONE

The allegations contained in paragraphs one through four are realleged and incorporated herein.

Beginning in or around June 2021, and continuing thereafter through at least June 2025, the exact dates being unknown to the Grand Jury, in the countries of Mexico, the United States, and elsewhere, the Defendants, **JUAN JOSE FARIAS MENDOZA, also known as "Juanjo,"** and **ISRAEL VEGA FARIAS, also known as "Papo,"** together and with others, known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree to manufacture and distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3), all in violation of Title 21, United States Code, Section 963.

With respect to each Defendant, the controlled substance involved in the conspiracy attributable to the Defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of a mixture and substance

2

containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 960(b)(1)(H).

> (Conspiracy to Manufacture and Distribute Five Hundred (500) Grams or More of Methamphetamine for Unlawful Importation into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(H), and 963)

## COUNT TWO

The allegations contained in paragraphs one through four are realleged and incorporated herein.

Beginning in or around June 2021, and continuing thereafter through at least June 2025, the exact dates being unknown to the Grand Jury, in the countries of Mexico, the United States, and elsewhere, the Defendants, **JUAN JOSE FARIAS MENDOZA, also known as "Juanjo,"** and **ISRAEL VEGA FARIAS, also known as "Papo,"** did knowingly and intentionally use and carry a firearm, during and in relation to one or more drug trafficking crimes, to wit: the offenses charged in Count One of this Indictment, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crime, one or more of which firearms was a machine gun, and one or more of which firearms was a destructive device, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(B)(ii), and 2.

> (Use, Carry, and Possession of a Firearm, Including a Machine Gun and a Destructive Device, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii); and Aiding and Abetting, in violation of Title 18, United States Code, Section 2)

## COUNT THREE

The allegations contained in paragraphs one through four are realleged and incorporated herein.

Beginning in or around February 20, 2025 and continuing through at least June 2025, the exact dates being unknown to the Grand Jury, in an offense occurring in and affecting foreign

3

commerce, the Defendants, **JUAN JOSE FARIAS MENDOZA, also known as "Juanjo,"** and **ISRAEL VEGA FARIAS, also known as "Papo,"** did knowingly provide material support and resources, including, but not limited to, property such as monetary instruments, chemicals, facilities, and land; and services such as personnel and the transportation and distribution of methamphetamine, to Carteles Unidos, also known as United Cartels, Tepalcatepec Cartel, Cartel de Tepalcatepec, The Grandfather Cartel, Cartel del Abuelo, and Cartel de Los Reyes, which was designated a foreign terrorist organization on February 20, 2025, by the United States Secretary of State, knowing that Cartel Unidos has engaged and engages in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), in violation of Title 18, United States Code, Section 2339B.

(Provision of Material Support to a Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B)

## CRIMINAL FORFEITURE ALLEGATION ONE

The United States hereby gives notice to the Defendants that upon conviction of the Title 21 offense alleged in Count One of this Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the Defendants obtained directly or indirectly as the result of the offense, and all property used or intended to be used in any manner or part to commit, and to facilitate, the commission of such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

       (a)     cannot be located upon the exercise of due diligence;

       (b)     has been transferred or sold to, or deposited with, a third person;

       (c)     has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to the value of the above forfeitable property.

(Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970)

## CRIMINAL FORFEITURE ALLEGATION TWO

The United States hereby gives notice to the Defendants that upon conviction of the Title 18 offense alleged in Count Three of this Indictment, the Government will seek forfeiture in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and (G), and Title 28, United States Code, Section 2461(c), of (1) all property, real or personal, constituting or derived from any proceeds traceable to the offense; (2) all assets, foreign and domestic, of any individual, entity, or organization engaged in planning or perpetrating the offense, or their property, and all assets, foreign or domestic, affording any person a source of influence over such entity and organization; (3) all assets, foreign or domestic, acquired and maintained by any person with the intent and for the purpose of supporting, planning, conducting, and concealing the offense; and (4) all assets, foreign or domestic, derived from, involved in, or used or intended to be used to commit the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third person;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

5

(e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the Defendants up to the value of the above forfeitable property.

(Forfeiture, in violation of Title 21, United States Code, Sections 853, Title 18, United States Code, Sections 981 and 982, and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

_____
Foreperson

_____
MARGARET A. MOESER
Chief
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice

By: _____
KIRK HANDRICH
Trial Attorney
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice